UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ETHAN P. AINSWORTH | * | CIVIL ACTION |
|     Plaintiff, | * | |
| | * | NO.: |
| V. | * | |
| | * | JURY TRIAL REQUESTED |
| UNION PACIFIC RAILROAD | * | |
| COMPANY, JOHN CHOP | * | JUDGE: |
| TRUCKING LLC, and | * | |
| RALPH O. ROLAND, | * | MAGISTRATE: |
|     Defendants. | * | |

**************************************

**COMPLAINT FOR DAMAGES**

Now into Court, through undersigned counsel, comes Plaintiff, **Ethan P. Ainsworth**, a person of full age and majority, domiciled in the Town of Olla, Parish of LaSalle, State of Louisiana, and respectfully represents as follows:

I.

Named as Defendants herein are:

**Union Pacific Railroad Company** ("**Union Pacific**"), a foreign corporation organized under the laws of and domiciled in the State of Delaware, with its principal place of business located in the State of Nebraska, and whose principal place of business within the State of Louisiana is in the Parish of East Baton Rouge, and which is authorized to do and doing business in the State of Louisiana within the jurisdiction of this Court;

**John Chop Trucking LLC ("John Chop Trucking")**, a Louisiana Limited Liability Company, domiciled in the Town of Lecompte, Parish of Rapides, State of Louisiana, authorized to do and doing business in the State of Louisiana within the jurisdiction of this Court; and

**Ralph O. Roland ("Roland")**, a person of the full age of majority and domiciled in the Village of Plaucheville, Parish of Avoyelles, State of Louisiana.

II.

**Mr. Ainsworth's** claims against **Union Pacific Railroad Company** ("**Union Pacific**") arise under the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C., § 51, *et*

1

*seq*. to recover damages for personal injuries sustained by **Mr. Ainsworth** while employed by **Union Pacific**. Further, **Mr. Ainsworth's** claims against **John Chop Trucking** and **Roland** arise under Federal and Louisiana law.

### III.

This Court has jurisdiction of Plaintiffs claims brought against **Union Pacific under** FELA, 45 U.S.C. § 51, *et seq*. pursuant to 28 U.S.C. § 1331, and of Plaintiff's State Law claims brought against **John Chop Trucking** and **Roland** pursuant to 28 U.S.C. § 1367(a) as all claims arise from the same underlying incident.

### IV.

Venue is proper pursuant to 28 USC § 1391(c), as Defendant **Union Pacific's** principal place of business within the State of Louisiana is in the Parish of East Baton Rouge and Defendant **John Chop** Trucking is organized under the laws of the State of Louisiana and both have regular and systematic contacts in the Parishes situated in the Middle District of Louisiana.

### V.

At all times mentioned in this Complaint, **Union Pacific** was a common carrier by railroad owning, operating, and maintaining in interstate commerce, a railway system, and **Mr. Ainsworth** was employed by **Union Pacific** to further those activities.

### VI.

This lawsuit is brought to recover the damages **Mr. Ainsworth** sustained as the result of a collision between an 18-wheeler vehicle and a train. On or about October 10, 2021 at approximately 3:40 p.m., the locomotive upon which **Mr. Ainsworth** was working collided with an 18-wheeler vehicle in or around Cheneyville, Louisiana. At the time of the collision, **Mr.**

**Ainsworth** was operating the locomotive as an engineer. The 18 wheeler was owned by **John Chop Trucking** and operated by **John Chop Trucking's** employee, **Roland**.

## VII.

As **Union Pacific's** train was heading north, **Roland** negligently pulled the 18-wheeler onto the railroad crossing, causing the train **Mr. Ainsworth** was operating to strike the 18-wheeler. At the time of the collision, **Mr. Ainsworth's** engineer seat failed to lock in the forward position. As a result of the collision and **Union Pacific's** defective seat, **Mr. Ainsworth** sustained serious injuries to his neck, back, right shoulder, and other parts of his body.

## VIII.

**John Chop Trucking**, acting by and through its agents, servants or employees, including **Roland**, negligently operated the 18-wheeler, causing the subject collision. In addition, **John Chop Trucking** negligently entrusted the 18-wheeler to its agents, servants or employees involved in the crash. **John Chop Trucking** also negligently hired and retained its agents, servants or employees involved in the crash, including **Roland**. The negligence of **John Chop Trucking**, singularly, in combination, or in the alternative was a cause in fact of Mr. Ainsworth's injuries.

## IX.

A proximate cause of the accident herein was the negligence and fault of **John Chop Trucking**, acting through its agents and employees, in the following particulars:

a) In failing to keep and maintain a proper lookout;

b) In failing to operate the 18-wheeler at a safe and reasonable speed under the circumstances;

c) In improperly blocking the tracks with a portion of the 18-wheeler;

d) In failing to give proper and reasonable warning;

e) In failing to pay attention and avoid the wreck;

f) In failing to follow Louisiana Traffic laws, including but not limited to R.S. 32:123, 32:171, 32:172, 32:173:1, and 32:175;

g) In failing to properly train, instruct and supervise;

h) In failing to avoid the hazard;

i) In failing to operate the 18-wheeler in a safe manner;

j) In failing to contact the railroad before traversing the crossing;

k) In failing to properly route the 18-wheeler;

l) In overloading the 18-wheeler;

m) In failing to properly inspect, repair and maintain the 18-wheeler;

n) In attempting to cross the railroad tracks when it was unsafe to do so;

o) In improperly blocking the tracks with a portion of the 18-wheeler;

p) In failing to remove the 18-wheeler from the tracks to provide safe, clear passage of the approaching train;

q) In failing to notify the railroad that the 18-wheeler was blocking the tracks;

r) In providing and using the 18-wheeler with insufficient undercarriage clearance; and

s) In attempting to cross the railroad tracks despite having prior knowledge of the railroad tracks' clearance.

**X.**

**John Chop Trucking's** acts and omissions, singularly or in combination with others, constituted negligence, which was a cause in fact of the collision and the injuries sustained by **Mr. Ainsworth**. In addition, **John Chop Trucking** unreasonably violated its duties to **Mr. Ainsworth** and state laws. **John Chop Trucking** also violated federal laws, regulations, and rules, including but not limited to the federal motor carrier safety regulations. Moreover, **John Chop Trucking** negligently trained, supervised, and monitored its employees and agents.

## XI.

**John Chop Trucking's** violations of applicable federal laws, including but not limited to the federal motor carrier safety regulations, 49 C.F.R. § 390.3, 390.11, 391.11, 392.2, 392.10, 392.11, 392.12, and state laws, amounted to negligence as a matter of law. Furthermore, **John Chop Trucking's** violations of the standards of ordinary care and rules and regulations amounted to negligence as a matter of law. **John Chop Trucking's** violations contained above and below also amounted to negligence per se, and proximately caused the accident and **Mr. Ainsworth's** injuries.

## XII.

A proximate cause of the accident herein was the negligence and fault of, **Roland**, the driver, agent and employee of **John Chop Trucking** at the time of the collision, who operated the 18-wheeler in a negligent manner and violated the duties he owed Mr. Ainsworth in that:

a) **Roland** failed to maintain a proper lookout;

b) **Roland** failed to timely apply the brakes to the 18-wheeler in order to avoid the subject collision;

c) **Roland** failed to drive at a safe and reasonable speed under the circumstances;

d) **Roland** failed to yield the right of way to the approaching train;

e) **Roland** failed to operate his vehicle in accordance with applicable federal, state, and/or local statutes and ordinances, constituting negligence *per se*;

f) **Roland** failed to remove the 18-wheeler from the tracks to provide a safe and clear passage for the approaching train;

**g)** **Roland** failed to warn of an impending collision**;**

h) **Roland** failed to avoid a collision; and

i) Any and all other acts of negligence which may be shown at trial on the merits of this matter.

5

**XIII.**

**Roland's** acts of negligence were committed in his capacity as an employee, agent, and/or representative of **John Chop Trucking**, thereby rendering **John Chop Trucking** vicariously liable pursuant to Article 2320 of the Louisiana Civil Code and the theory of *respondeat superior*.

**XIV.**

**Mr. Ainsworth** avers that at the time of his injuries, he was an able-bodied railroad worker and that as a direct cause of **Union Pacific's** negligence under the FELA, 45 U.S.C. § 51, *et seq*., and violations of the Federal Locomotive Inspection Act, (LIA), 49 U.S.C. § 20701, *et seq*., and related federal regulations found under 49 CFR Part 229, **Mr. Ainsworth** sustained severe and debilitating injuries to his neck, back, and right shoulder.

**XV.**

A proximate cause of the accident herein was the negligence and fault of **Union Pacific**, through its employees, agents, and servants in failing to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*. Union Pacific's negligence includes but is not limited to the following acts:

a) In that **Union Pacific** failed to provide **Mr. Ainsworth** with a reasonably safe place to work;

b) In that **Union Pacific** failed to provide safe working conditions and proper equipment where **Mr. Ainsworth** was performing his duties in the manner required by **Union Pacific**;

c) In that **Union Pacific** failed to warn **Mr. Ainsworth** of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known;

d) In that **Union Pacific**, in violation of its non-delegable duty, failed to provide **Mr. Ainsworth** with safe equipment upon which to work;

6

e)   In that **Union Pacific** violated the Federal Railroad Locomotive Inspection Act, 49 U.S.C. § 20701;

f)   In that **Union Pacific** violated the Federal Railroad Locomotive Safety Standards found in 49 C.F.R. Part 229.

g)   In that **Union Pacific** failed to exercise due care and caution commensurate with the surrounding circumstances; and

h)   Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter, and which caused in whole or in part the aforementioned injuries.

## XVI.

**Union Pacific's** conduct amounted to negligence as a matter of law in that it violated the Federal Locomotive Inspection Act, 49 U.S.C. § 20701, and associated federal locomotive safety standards found in 49 C.F.R. Part 229. Such violations were the legal cause of **Mr. Ainsworth's** accident and injuries.

## XVII.

As a result of the aforementioned negligent acts and omissions of Defendants, **Mr. Ainsworth** sustained severe and permanent injuries to his neck, back, right shoulder, and other parts of his body.

**Mr. Ainsworth's** injuries have resulted in:

a)   Past and future physical pain and suffering;

b)   Past and future mental anguish;

c)   Past lost wages;

d)   Future lost wages and wage-earning capacity; and

e)   Past and future medical expenses.

**Mr. Ainsworth** has been damaged in a sum far in excess of the minimum jurisdictional limits of this Court.

## XVIII.

**Mr. Ainsworth** requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, **Mr. Ainsworth** prays that he has judgment against Defendants **Union Pacific Railroad Company, John Chop Trucking LLC**, and **Ralph O. Roland** in a total sum in excess of the minimum jurisdictional limits of this Court, plus post-judgment interest, all costs of Court, and for such other and further relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

**ST. MARTIN & BOURQUE, LLC**

/s/ Charles C. Bourque, Jr.
CHARLES C. BOURQUE, JR. (LSBA 20118)
cbourque@stmblaw.com
JOSEPH G. JEVIC, III (LSBA 23145)
jjevic@stmblaw.com
315 Barrow Street
Houma, Louisiana 70360
TELEPHONE: (985) 876-3891
FACSIMILE: (985) 851-2219

and

**DOYLE DENNIS LLP**
MICHAEL PATRICK DOYLE (*Pro hac Vice* Pending)
Texas State Bar No. 06095650
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 571-1146
Fax: (713) 571-1148
service@doylelawfirm.com

**ATTORNEYS FOR PLAINTIFF
ETHAN AINSWORTH**